**SARA M. PELOQUIN**
California State Bar No.254945
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Email: sara_peloquin@fd.org

Attorneys for Mr. Mike Ortega

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.   08CR1308-BEN |
| ) | DATE:   June 30, 2008 |
| Plaintiff, ) | TIME:   9:30 a.m. |
| ) | |
| v. ) | STATEMENT OF FACTS AND |
| ) | MEMORANDUM OF POINTS AND |
| MIKE ORTEGA, ) | AUTHORITIES IN SUPPORT OF |
| ) | MR. ORTEGA'S MOTIONS |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS**

On April 24, 2008, Mr. Ortega waived prosecution by indictment and agreed to proceed on an information charging him with two counts of illegal entry in violation of 8 U.S.C. § 1325.

**II.**

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

Mr. Ortega moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

1  To date, ***defense counsel has received only <u>fifty-four</u>  pages of discovery***.  Mr. Ortega respectfully
2  requests that the government be ordered to produce discovery because Mr. Ortega has reason to believe that
3  he has not received all the discoverable material in his case. Mr. Ortega specifically requests production of
4  a copy of the taped proceedings and any and all documents memorializing the deportation proceedings
5  allegedly held and any other proceedings that the government intends to rely upon at trial. This request
6  includes discovery of materials known to the government attorney, as well as discovery of materials which
7  the government attorney may become aware of through the exercise of due diligence. <u>See</u> FED. R. CRIM. P.
8  16.

9  Mr. Ortega has also not received a full copy of his A-file. Mr. Ortega filed a request for his A-file
10 with the National Records Center pursuant to the Freedom of Information Act, however, he fears that his
11 request will not be processed until after the completion of his trial. Thus, Mr. Ortega requests a full copy of
12 his A-file and any other immigration files linked to his immigration history. Mr. Ortega specifically requests
13 the documents memorializing the alleged deportation proceedings and any other proceedings that the
14 government intends to rely upon at trial.

15 Mr. Ortega additionally requests that the Court order the government to allow him the opportunity
16 to review his A-file in its entirety. First, the A-file contains documentation concerning his alleged deportation.
17 Part of Mr. Ortega defense may be that his underlying deportation was invalid. The documents in the A-file
18 would help illuminate the validity or futility of such a defense. For example, A-file documents typically
19 contain biographical information. Such information is essential to determining whether Mr. Ortega's
20 deportation was invalid.

21 Second, the government will likely try to show at trial that a government officer searched the A-file
22 and did not find an application by Mr. Ortega for permission to enter the United States.  Mr. Ortega anticipates
23 that the government will attempt to admit a "Certificate of Non-Existence of Record" against him, arguing
24 that if Mr. Ortega had ever applied for permission to enter the United States, such an application would be
25 found in the A-file and because such an application is not in the A-file, Mr. Ortega must not have applied for
26 permission to enter the United States.

27 Although the certificate might be admissible, the question of the thoroughness of the search
28 conducted by the government of the A-file  is, and should be, open to cross-examination. <u>United States v.</u>

1  Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Ortega should
2  be able to review his A-file in order to see whether any application for lawful admission exists. Moreover,
3  Mr. Ortega should also be able to verify whether other documents that would ordinarily be in the A-file are
4  "non-existent," or otherwise missing from his A-file. Mr. Ortega may assert a defense that his application for
5  lawful entry was lost or otherwise misplaced by the government. He must be allowed the opportunity to
6  review his A-file and the manner in which it is being maintained by the government in order to present this
7  defense.

8  In addition, Mr. Ortega moves for the production by the government of the following discovery.
9  This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed
10 below that is in the custody, control, care, or knowledge of *any government agency*. See generally Kyles v.
11 Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

12 Mr. Ortega moves for the production of the following discovery. This request is not limited to those
13 items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control,
14 care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868
15 F.2d 1032 (9th Cir. 1989).

16 (1) Mr. Ortega's Statements. The government must disclose to Mr. Ortega all copies of any
17 written or recorded statements made by him; the substance of any statements made by Mr. Ortega which the
18 government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; see id., any response
19 by him to interrogation; the substance of any oral statements which the government intends to introduce at
20 trial and any written summaries of Mr. Arredondo-Otiz's oral statements contained in the handwritten notes
21 of the government agent; any response to any Miranda warnings which may have been given to him; as well
22 as any other statements by Mr. Ortega. Fed. R. Crim. P. 16(a)(1)(A)[1]. The Advisory Committee Notes and
23 the 1991 Amendments to Rule 16 make clear that the Government must reveal all the accused's statements,
24 whether oral or written, regardless of whether the government intends to make any use of those statements.
25 Federal Rule of Criminal Procedure 16 is designed "to protect the defendant's rights to a fair trial." United
26 States v. Rodriguez, 799 F.2d 649 (11th Cir. 1986); see also United States v. Noe, 821 F.2d 604, 607 (11th

---

[1] Of course, any of Mr. Arredondo-Oritz's statements, which are exculpatory, must be produced, as well. See Brady v. Maryland, 373 U.S. 83 (1963).

1  Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal -- government's failure
2  to disclose statements made by the defendant is a serious detriment to preparing trial and defending against
3  criminal charges).

4    (2) <u>Arrest Reports and Notes</u>.  Mr. Ortega also specifically requests that the government turn
5  over all arrest reports, notes and TECS records not already produced that relate to the circumstances
6  surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes,
7  records, reports, transcripts, referral slips, or other documents in which statements of Mr. Ortega or any other
8  discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and
9  <u>Brady v. Maryland</u>.  The government must produce arrest reports, investigators' notes, memos from arresting
10 officers, sworn statements, and prosecution reports pertaining to the defendant.  <u>See</u> Fed. R. Crim. P.
11 16(a)(1)(B) and (C), 26.2 and 12(I); <u>United States v. Harris</u>, 543 F.2d 1247, 1253 (9th Cir. 1976) (original
12 notes with suspect or witness must be preserved); <u>see also</u> <u>United States v. Anderson</u>, 813 F.2d 1450, 1458
13 (9th Cir. 1987) (reaffirming <u>Harris</u>' holding).

14   (3) <u>Brady Material</u>. Mr. Ortega requests all documents, statements, agents' reports, and tangible
15 evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the
16 government's case.  <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).  Under <u>Brady</u>, <u>Kyles</u> and their progeny,
17 impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the accused.
18 <u>See also</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).  This
19 includes information obtained from other investigations which exculpates Mr. Ortega

20   (4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  The
21 government must also produce this information under <u>Brady v. Maryland</u>.  This request includes any
22 cooperation or attempted cooperation by Mr. Ortega as well as any information, including that obtained from
23 other investigations or debriefings, that could affect any base offense level or specific offense characteristic
24 under Chapter Two of the Guidelines.  Mr. Ortega also requests any information relevant to a Chapter Three
25 adjustment, a determination of his criminal history, and information relevant to any other application of the
26 Guidelines.

27   (5) <u>Mr. Arredondo's Prior Record</u>.  Mr. Arredondo-Oritz requests disclosure of his prior record.
28 Fed. R. Crim. P. 16(a)(1)(D).

(6) <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for which introduction is sought. This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence which the government may use as rebuttal. <u>See</u> <u>United States v. Vega</u>, 188 F.3d 1150 (9th Cir. 1999). Mr. Ortega is entitled to "reasonable notice" so as to "reduce surprise," preclude "trial by ambush" and prevent the "possibility of prejudice." <u>Id.</u>; <u>United States v. Perez-Tosta</u>, 36 F.3d 1552, 1560-61 (11th Cir. 1994). Mr. Ortega requests such reasonable notice at least two weeks before trial so as to adequately investigate and prepare for trial.

(7) <u>Evidence Seized</u>. Mr. Ortega requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E).

(8) <u>Request for Preservation of Evidence</u>. Mr. Ortega specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, Mr. Ortega's personal effects, and any evidence seized from Mr. Ortega or any third party in relation to this case.

In addition, Mr. Ortega requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. <u>Kyles</u>, 514 U.S. at 419; <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Lacy</u>, 896 F.Supp. 982 (N.D. Ca. 1995). At a minimum, the prosecutor has the obligation to inquire of his agents in order to ascertain whether or not evidence relevant to veracity or other impeachment exists.

(9) <u>Tangible Objects</u>. Mr. Ortega requests the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Ortega. Fed. R. Crim. P. 16(a)(1)(E). Specifically, to the extent they were not already produced, Mr. Ortega requests copies of all

1 photographs in the government's possession, including, but not limited to, photographs of himself and any other photos taken in connection with this case.

(10) <u>Expert Witnesses</u>. Mr. Ortega requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). The defense requests that notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert. <u>See</u> <u>Kumho v. Carmichael Tire Co.</u> 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . ..").

(11) <u>Evidence of Bias or Motive to Lie</u>. Mr. Ortega requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(12) <u>Impeachment Evidence</u>. Mr. Ortega requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>.

(13) <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Ortega requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(15) <u>Jencks Act Material</u>. Mr. Ortega requests production in advance of trial of all material, including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at Mr. Ortega's request to

1  investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account
2  of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1).
3  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u> <u>United States v. Boshell</u>, 952 F.2d 1101
4  (9th Cir. 1991) (holding that, where an agent goes over interview notes with subject, interview notes are
5  subject to Jencks Act).

6      (16)   <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), Mr. Ortega
7  requests all statements and/or promises, express or implied, made to any government witnesses, in exchange
8  for their testimony in this case, and all other information which could arguably be used for the impeachment
9  of any government witnesses.

10      (17)   <u>Agreements Between the Government and Witnesses</u>. In this case, Mr. Ortega requests
11  identification of any cooperating witnesses who have committed crimes, but were not charged, so that they
12  may testify for the government in this case. Mr. Ortega also requests discovery regarding any express or
13  implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other kind
14  of agreement or understanding, including any implicit understanding relating to criminal or civil income tax,
15  forfeiture or fine liability between any prospective government witness and the government (federal, state
16  and/or local). This request also includes any discussion with a potential witness about, or advice concerning,
17  any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not
18  followed.

19      Pursuant to <u>United States v. Sudikoff</u>, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the defense requests <u>all</u>
20  statements made, either personally or through counsel, <u>at any time</u>, which relate to the witnesses' statements
21  regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of
22  these witnesses, any agreement sought, bargained for or requested, on the part of the witness at any time.

23      (18)   <u>Informants and Cooperating Witnesses</u>. Mr. Ortega requests disclosure of the names and
24  addresses of all informants or cooperating witnesses used, or to be used, in this case, and in particular,
25  disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime
26  charged against Mr. Ortega. The government must disclose the informant's identity and location, as well as
27  the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United</u>
28

1  States, 353 U.S. 53, 61-62 (1957).  The government must disclose any information derived from informants
2  which exculpates or tends to exculpate Mr. Ortega.

3  (19) Bias by Informants or Cooperating Witnesses.  Mr. Ortega requests disclosure of any
4  information indicating bias on the part of any informant or cooperating witness.  Giglio v. United States.  Such
5  information would include what, if any, inducements, favors, payments or threats were made to the witness
6  to secure cooperation with the authorities.

7  (20) Inspection and Copying of A-File.  Mr. Ortega requests that this Court order the government
8  to make all A-Files relevant to Mr. Ortega available for inspection and copying.

9  (21) Residual Request.  Mr. Ortega intends, by this discovery motion, to invoke his rights to
10 discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution
11 and laws of the United States.  Mr. Ortega requests that the government provide his attorney with the above-
12 requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

### III.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

15 Mr. Ortega and defense counsel have received fifty-four pages of discovery in this case.  As new
16 information surfaces due to the government providing discovery in response to these motions or an order of
17 this Court, defense will find it necessary to file further motions, or to supplement existing motions with
18 additional facts.  Therefore, defense counsel requests the opportunity to file further motions based upon
19 information gained from discovery.

### IV.

### CONCLUSION

22 For the reasons stated above, Mr. Ortega moves this Court to grant his motions.

Respectfully submitted,

DATED:  June 25, 2008                    /s/ Sara M. Peloquin
                                         **SARA M. PELOQUIN**
                                         Federal Defenders of San Diego, Inc.
                                         Attorneys for Mr. Mike Ortega